IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL F.M.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-06417-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 241-713-991 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Victor Manuel F.M.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241. On October 4, 2022, Petitioner was encountered by immigration authorities after entering the United States without inspection near Calexico, California. Dkt. No. 6, at pg. 12. After a brief detention, Petitioner was ultimately released on parole by immigration authorities through the "Alternatives to Detention" program. Dkt. No. 8, at pg. 5. And because an immigration officer must find that a "noncitizen presents neither a security risk nor risk of absconding" in order to parole that noncitizen into the country, the decision to parole Petitioner "reflect[ed] a

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

determination by the government" that he was "not a danger to the community or a flight risk." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1104 (E.D. Cal. 2025) (cleaned up).

Petitioner represents that in the years since he was released on parole, he has developed strong community ties, complied with all conditions of release, and avoided criminal activity. Dkt. No. 1, at pg. 2. He maintained steady employment with a single employer for over two years, *id.* at pg. 6, and sought to obtain work authorization and adjustment of status beginning in March 2025, *id.* at pgs. 9-13. But on October 19, 2025, Petitioner had an encounter with law enforcement—the only such encounter that the record reflects—that led to his arrest by immigration officials. On that date, local police in Florida arrested Petitioner for a "moving traffic violation" of driving without a valid license. Dkt. No. 6, at pg. 13. The disposition of that charge is not clear, however, because the following day, Petitioner was transferred into the custody of Immigration and Customs Enforcement (ICE). He has remained in immigration detention ever since.

During the ten months that Petitioner has been detained, he has appeared before an immigration judge (IJ) at least twice: once at a custody redetermination hearing, where bond was denied for lack of jurisdiction based on the IJ's determination that noncitizens in Petitioner's position are detained pursuant to 8 U.S.C. § 1225 and are ineligible for bond, and once for removal proceedings at which Petitioner was ordered removed. Dkt. No. 6, at pgs. 17-23. Petitioner timely appealed the removal order, so there is currently no final order of removal against him. *See id.* at pgs. 2, 23-27.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights. After reviewing the petition, Dkt. No. 1, and the government's motion to dismiss and opposition to the petition, Dkt. No. 6, the court informed the parties of its intention to rule directly on the petition and ordered Respondents to show cause whether any factual or legal issues distinguished this case from cases such as *Nepal S. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-06126-MWJS, 2026 WL 2363564 (E.D. Cal. Aug. 13, 2026); *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.,* No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr*., No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). *See* Dkt. No. 7.

The court thanks Respondents for their timely response. Dkt. No. 8. In it, they maintain their position that Petitioner's arrest and detention was constitutional. And they assert that this case is distinguishable from those cited in the court's order to show cause because "Petitioner was arrested . . . for no driver license, subsequently had a bond hearing, did not exhaust administrative remedies, and was also subsequently ordered removed." *Id.* at pg. 1. Accordingly, although they "do not object to Petitioner having a bond hearing" pursuant to 8 U.S.C. § 1226(a), they oppose "the court ordering

him to have a bond hearing when he could request one himself." *Id.*; *see also* Dkt. No. 6, at pgs. 2-3.

None of these distinctions offers a reason to reach a different result in this case. Respondents first argue that Petitioner's case is distinguishable because he was arrested by local police immediately prior to being taken into ICE custody. It is true that in some circumstances, it can be "sufficient to provide [a noncitizen] with post-deprivation process," in which case the remedy of a bond hearing—rather than immediate release—can suffice. *Carlos U.G. v. Warden of the Cal. City Detention Ctr.*, No. 1:26-cv-04427-MWJS, 2026 WL 1999947, at *3 (E.D. Cal. July 10, 2026). But Respondents do not suggest that Petitioner's criminal history encompasses anything other than his arrest for driving without a valid license. Nor do they offer any details about the underlying incident or argue that they amount to an "extraordinary situation[]" in which "there is evidence of urgent concerns or an especially strong governmental interest that suffices to justify a post-deprivation, rather than a pre-deprivation hearing." *Id.* at *4 (cleaned up). Given that Respondents have not made any argument that post-deprivation process would suffice here, the court cannot accept that it would. And even if Petitioner's arrest did render this case distinguishable from those cases cited in the court's order to show cause, many district judges have nonetheless granted relief in cases analogous to this one. *See, e.g.*, *Carlos U.G.*, 2026 WL 1999947; *Carlos David R.F. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-04330, 2026 WL 2365345 (E.D. Cal. Aug. 14, 2026);

*Adan Fernando R.V. v. Warden of the Mesa Verde ICE Detention Facility*, No. 1:26-cv-03234-MWJS, 2026 WL 1423564 (E.D. Cal. May 20, 2026).

The remaining reasons offered by Respondents similarly fail to distinguish this case from those that the court has found persuasive. The fact that Petitioner was previously afforded a bond hearing—albeit one at which bond was denied based on a legal theory that his since been rejected by the Ninth Circuit, *see Rodriguez Vazquez v. Bostock*, --- F. 4th ----, 2026 WL 2196424 (9th Cir. 2026)—and has not since requested a new custody redetermination hearing might be significant if the court were to conclude that a bond hearing would be sufficient to address the violation of Petitioner's rights. But the court is not reaching such a conclusion here, and so the argument that Petitioner should first exhaust his administrative remedies before the court considers his petition does not bear on the court's decision to grant immediate release, for the reasons explained in the prior orders discussed above. The court also rejects the argument that Petitioner's administratively nonfinal order of removal offers a reason to reach different result in this case.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive based on the current state of Supreme Court and circuit precedent, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Petitioner Victor Manuel

F.M. (A# 241-713-991) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: August 24, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge